1  Matthew Franklin Jaksa (CA State Bar No. 248072)
   HOLME ROBERTS & OWEN LLP
2  560 Mission Street, 25th Floor
3  San Francisco, CA  94105-2994
   Telephone:  (415) 268-2000
4  Facsimile:   (415) 268-1999
   Email:       matt.jaksa@hro.com
5
6  Attorneys for Plaintiffs,
   VIRGIN RECORDS AMERICA, INC.;
7  UMG RECORDINGS, INC.; SONY BMG
   MUSIC ENTERTAINMENT; WARNER
8  BROS. RECORDS INC.; and BMG MUSIC
9

*ORIGINAL FILED 07 NOV 29 AM 11:37 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA*

*E-filing*

10              UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
11
12
13  VIRGIN RECORDS AMERICA, INC., a          CASE NO. CV 07 6032 JF PVT
    California corporation; UMG RECORDINGS,
14  INC., a Delaware corporation; SONY BMG
15  MUSIC ENTERTAINMENT, a Delaware          *EX PARTE* APPLICATION FOR LEAVE
    general partnership; WARNER BROS.        TO TAKE IMMEDIATE DISCOVERY
16  RECORDS INC., a Delaware corporation; and
    BMG MUSIC, a New York general partnership,
17              Plaintiffs,
18
         v.
19
20  JOHN DOE,
                Defendant.
21

Ex Parte Application for Leave to Take Immediate Discovery
Case No.
#34059 v1

Plaintiffs, through their undersigned counsel, pursuant to Federal Rules of Civil Procedure 26 and 45, the Declaration of Carlos Linares, and the authorities cited in the supporting Memorandum of Law, hereby apply *ex parte* for an Order permitting Plaintiffs to take immediate discovery.

In support thereof, Plaintiffs represent as follows:

1. Plaintiffs, record companies who own the copyrights in the most popular sound recordings in the United States, seek leave of the Court to serve limited, immediate discovery on a third party Internet Service Provider ("ISP") to determine the true identity of Defendant, who is being sued for direct copyright infringement.[1]

2. As alleged in the complaint, Defendant, without authorization, used an online media distribution system to download Plaintiffs' copyrighted works and/or distribute copyrighted works to the public. Although Plaintiffs do not know the true name of Defendant, Plaintiffs have identified Defendant by a unique Internet Protocol ("IP") address assigned to Defendant on the date and time of Defendant's infringing activity.

3. Plaintiffs intend to serve a Rule 45 subpoena on the ISP seeking documents that identify Defendant's true name, current (and permanent) address and telephone number, e-mail address, and Media Access Control ("MAC") address. Without this information, Plaintiffs cannot identify Defendant or pursue their lawsuit to protect their copyrighted works from repeated infringement.

4. Good cause exists to allow Plaintiffs to conduct this limited discovery in advance of a Rule 26(f) conference where there are no known defendants with whom to confer.

---

[1] Because Plaintiffs do not yet know Defendant's true identity, Plaintiffs are unable to personally serve Defendant with a copy of this motion. Instead, Plaintiffs will serve the Clerk of Court pursuant to Fed. R. Civ. P. 5(b)(2)(C) ("If the person served has no known address, [service under Rule 5(a) is made by] leaving a copy with the clerk of the court.") and will serve Defendant's ISP with a copy of this motion. Additionally, if the Court grants this motion, Plaintiffs will ask the ISP to notify the Defendants of the subpoena and provide Defendant with an opportunity to object.

1      WHEREFORE, Plaintiffs apply *ex parte* for an Order permitting Plaintiffs to conduct the
2  foregoing requested discovery immediately.

3

4  Dated: November 29, 2007          HOLME ROBERTS & OWEN LLP

5

6                                          By: _____

7                                           MATTHEW FRANKLIN JAKSA
                                         Attorney for Plaintiffs
8                                           VIRGIN RECORDS AMERICA, INC.;
                                         UMG RECORDINGS, INC.; SONY BMG
9                                           MUSIC ENTERTAINMENT; WARNER
                                         BROS. RECORDS INC.; and BMG
10                                          MUSIC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ex Parte Application for Leave to Take Immediate Discovery
Case No.
#34059 v1